UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON M. WHITE #525011,

        Plaintiff,                                              Hon. Jane M. Beckering

v.                                                           Case No. 1:24-cv-723

L. BARNES, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before me on Defendant Rhodes's Motion for Summary Judgment on the Basis of Exhaustion. (ECF No. 17.) Plaintiff has failed to respond to Defendant's motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **grant** the motion, **dismiss** Plaintiff's Eighth Amendment claim against Defendant Rhodes **without prejudice** for lack of exhaustion, **dismiss** Plaintiff's state-law claim **without prejudice** pursuant to 28 U.S.C. § 1367(c)(3), and terminate this action.

Plaintiff, who is currently incarcerated with the Michigan Department of Corrections (MDOC) at Alger Correctional Facility, filed a complaint against several MDOC employees on July 15, 2024, alleging claims pursuant to 42 U.S.C. § 1983 based on events that occurred at Muskegon Correctional Facility (MCF), while Plaintiff was housed there in the fall of 2023.

---

[1] Although Plaintiff is proceeding pro se, he is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley,* No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

Following the Court's initial review pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c), Plaintiff's Eighth Amendment and state-law claims against Unknown Party #1, later identified as Defendant Rhodes, were allowed to proceed. (ECF No. 5 at PageID.39.)

As to Defendant Rhodes, Plaintiff alleges that he arrived at MCF on September 28, 2023, and was seen by Rhodes at intake. Plaintiff informed her that he was epileptic and had a bottom bunk detail. Rhodes told Plaintiff to kite healthcare regarding medical issues and sent him to Housing Unit 3, where Plaintiff was assigned a top bunk. That night, Plaintiff experienced a seizure and fell five and a half feet to the ground, colliding with the prisoner on the bottom bunk and injuring his neck and back. (ECF No. 1 at PageID.3.)

Defendant Rhodes moves for summary judgment based on Plaintiff's failure to exhaust his administrative remedies on his claim against her. Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which a defendant bears the burden of proof, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no reasonable trier of fact could find other than for [Defendants]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim

2

to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019). This process must be completed at all levels prior to filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

In support of her motion, Defendant Rhodes attaches a Step III Grievance Report for Plaintiff dated September 16, 2024, which shows the grievances arising out of MCF that Plaintiff filed after September 28, 2023, and pursued through Step III. (ECF No. 18-3.) The Step III report shows that Plaintiff pursued two grievances pertaining to the events at issue, MCF-23-10-0931-28a (0931 Grievance) and MCF-23-10-0892-28i (0892 Grievance).

In the 0892 Grievance, Plaintiff complained that he had a seizure, fell off the top bunk and hit his head and injured his neck, and when he returned from the hospital, he was assigned to the same bunk. Plaintiff did not name a specific individual, but stated, "Don't know any names!" (*Id.* at PageID.107.) The grievance was rejected at Step I for failure to attempt to resolve the issue with staff prior to submitting the grievance. (*Id.*; ECF No. 18-5.) Plaintiff appealed the 0892 Grievance through Steps II and III, but the rejection was upheld at both levels. (ECF No. 18-3 at PageID.104–06.)

In the 0931 Grievance, Plaintiff stated that he tried to resolve the issue with healthcare at intake when he informed the nurse that he had a bottom bunk detail and requested a bottom bunk. Plaintiff recounted being injured after he fell out of his bunk and stated that the incident could have been avoided if healthcare had honored his bottom bunk detail. Plaintiff also stated that he had attempted to resolve the issue in the 0892 Grievance. The 0931 Grievance was rejected at Step I

as duplicative of another grievance Plaintiff had filed regarding the incident, MCF-23-10-0889-03f (0889 Grievance). (*Id.* at PageID.103.) Plaintiff appealed the rejection to Steps II and III, and the rejection was upheld at both levels. (*Id.* at PgeID.99–101.)

The 0889 Grievance, which also complained about Plaintiff being denied his bottom bunk detail and falling off the top bunk and hitting his head, was addressed on the merits and denied at Step I. (ECF No. 18-4 at PageID.112–13.) Plaintiff's Step II appeal was also denied. (*Id.* at PageID.109–11.) Plaintiff did not file a Step III appeal.

The 0892 Grievance failed to exhaust Plaintiff's claim for two reasons. First, that grievance complained about being returned to the top bunk after Plaintiff came back from the hospital, rather than his bottom bunk detail being disregarded in the first place, as in the 0889 Grievance. Second, the grievance was rejected for failure to attempt to resolve the issue being grieved with staff. Although Plaintiff indicated that he attempted to resolve the issue with healthcare staff at intake, the issue of being returned to the top bunk after his initial fall occurred after his return from the hospital. Plaintiff did not indicate that he attempted to resolve this issue with any prison staff member. Thus, it appears that the rejection was proper.

As for the 0931 Grievance, when a grievance is rejected as duplicative of another grievance, the court should compare the prior grievance with the rejected grievance to determine whether they concerned the same issue. *See Johnson v. Correctional Med. Servs., Inc.*, No. 4:06-cv-137, 2008 WL 878767, at *5 (W.D. Mich. Mar. 3, 2008). If the issues are the same, the "duplicative grievance will [be] construed as having the same disposition as the original grievance." *Tucker v. Corizon Corr. Healthcare, Inc.*, No. 2:19-cv-170, 2021 WL 1589228, at *5 (W.D. Mich. Jan. 19, 2021), *report and recommendation adopted*, 2021 WL 1037684 (W.D. Mich. Mar. 18, 2021). Here, the 0889 Grievance and the 0931 Grievance raised the same issue. Because

4

Plaintiff did not exhaust the 0889 Grievance through Step III of the grievance process, both the 0889 and 0931 Grievances are considered unexhausted. Accordingly, Plaintiff failed to exhaust his administrative remedies as to his claim against Defendant Rhodes.

Finally, if the Court agrees with the foregoing recommendation to dismiss Plaintiff's Eighth Amendment claim for failure to exhaust, I recommend that it exercise its discretion to decline supplemental jurisdiction and dismiss Plaintiff's state-law claim without prejudice pursuant to 28 U.S.C. § 1367(c)(3). Generally, the Court should decline to hear state-law claims when all federal claims are dismissed before trial. *See Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.") (citing *Carnegie–Mellon v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Here, the litigation has just commenced, and Plaintiff may properly pursue his remaining state-law claim in state court. *See Kelly v. City of New Philadelphia*, No. 5:20-cv-211, 2020 WL 2126665, at *3 (N.D. Ohio May 5, 2020) (declining to exercise supplemental jurisdiction where all of the federal claims were dismissed "at this early stage of litigation").

## CONCLUSION

For the foregoing reasons, I recommend that Defendant Rhodes's motion for summary judgment (ECF No. 17) be **granted**, that Plaintiff's Eighth Amendment and state-law claims against Defendant Rhodes be **dismissed without prejudice**, and that the Court terminate this action.

Dated: March 24, 2025                                              /s/ Sally J. Berens
                                                                                   SALLY J. BERENS
                                                                                   U.S. Magistrate Judge

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).